IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NESSCAP CO., LTD., and NESSCAP, INC., | ) |
| | ) C.A. No. 07-cv-00035-GMS |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MAXWELL TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

## MAXWELL TECHNOLOGIES, INC.'S ANSWER AND COUNTERCLAIMS TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, Maxwell Technologies, Inc. ("Maxwell") by and through its undersigned attorneys, hereby demands a trial by jury on all issues so triable and hereby answers each of the numbered paragraphs of NessCap Co., Ltd.'s and NessCap Inc.'s (collectively, "NessCap's") Complaint for Declaratory Judgment, filed on January 18, 2007, as follows:

### THE PARTIES

1.   Maxwell admits that NessCap Co., Ltd. is engaged in the research, development, production, and sales of ultracapacitors.  Maxwell further admits that NessCap Co., Ltd. is organized under South Korean law.  Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 1 and therefore denies them.

2.   Maxwell admits that NessCap, Co., Ltd. is a wholly-owned subsidiary of NessCap, Inc., a corporation organized under the laws of the State of Delaware.

1

sd-362921

3. Maxwell admits that it is a Delaware corporation with its principal place of business at 9244 Balboa Avenue, San Diego, California.

## JURISDICTION AND VENUE

4. Maxwell admits that this is an action arising under the Patent Laws of the United States.

5. Maxwell admits that this action is justiciable in a United States District Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. Maxwell admits that venue is proper in this judicial district. However, this case should be consolidated with C.A. No. 06-00674-GMS and transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a) for the reasons stated in Maxwell's Motion to Transfer. (D.I. 12-25 in C.A. No. 06-00674-GMS.)

## FACTS COMMON TO ALL COUNTS

7. Maxwell admits the averments of Paragraph 7.

8. Maxwell admits the averments of Paragraph 8.

9. Maxwell admits the averments of Paragraph 9.

10. Maxwell admits the averments of Paragraph 10.

11. Maxwell admits the averments of Paragraph 11.

## COUNT I

## INVALIDITY AND NONINFRINGEMENT OF U.S. PATENT NO. 6,525,924

12. Maxwell incorporates each and every answer and objection set forth in Paragraphs 1 through 11 as if fully set forth herein.

13. Maxwell admits the averments of Paragraph 13.

14. Maxwell admits that an actual and justiciable controversy exists between the parties. Maxwell admits that the filing of the San Diego litigation is one reason a justiciable controversy exists. Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 14 and therefore denies them.

15. Maxwell denies the averments of Paragraph 15.

16. Maxwell denies the averments of Paragraph 16.

## COUNT II

## INVALIDITY AND NONINFRINGEMENT OF U.S. PATENT NO. 6,631,074

17. Maxwell incorporates each and every answer and objection set forth in Paragraphs 1 through 16 as if fully set forth herein.

18. Maxwell admits the averments of Paragraph 18.

19. Maxwell admits that an actual and justiciable controversy exists between the parties. Maxwell admits that the filing of the San Diego litigation is one reason a justiciable controversy exists. Maxwell is without knowledge or information sufficient to form a belief as to the remaining averments of Paragraph 19 and therefore denies them.

20. Maxwell denies the averments of Paragraph 20.

21. Maxwell denies the averments of Paragraph 21.

## COUNTERCLAIMS

Maxwell for its Counterclaims alleges as follows and hereby demands a jury trial on all issues so triable:

1. Maxwell incorporates and realleges Paragraphs 1 - 21 of the Answer.

## PARTIES

2. Maxwell Technologies, Inc. ("Maxwell") is a corporation existing under the laws of the State of Delaware and has its principal place of business at 9244 Balboa Avenue, San Diego, California 92123.

3. NessCap, Inc. is incorporated under the laws of Delaware. NessCap, Inc. owns 100% of its Korean subsidiary, NessCap Co., Ltd. which has its principal place of business at 750-8, Gomae-Dong, Kiheung-Gu, Yongin, Kyonggi-Do, 449-901, Republic of Korea. NessCap, Inc. and NessCap Co., Ltd are collectively referred to as "NessCap."

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, Title 35 of the United States Code, Section 271. United States District Courts have jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338(a) and 1331.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). However, this case should be consolidated with C.A. No. 06-00674-GMS and transferred to the Southern District of California pursuant to 28 U.S.C. § 1404(a) for the reasons stated in Maxwell's Motion to Transfer. (D.I. 12-25 in C.A. No. 06-00674-GMS.)

## FIRST COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 6,525,924

6. Maxwell incorporates and realleges Paragraphs 1 - 5 of its Counterclaims.

sd-362921

7. On February 25, 2003, U.S. Patent No. 6,525,924 ("the '924 patent") entitled "Device for Accumulating Electrical Energy Composed of a Winding of Superimposed Strips and Method of Production" was duly and legally issued and assigned to Montena Components S.A. by the named inventors. A true and correct copy of the '924 patent is attached as Exhibit 1 to NessCap's Complaint for Declaratory Judgment. (D.I. 1.)

8. Maxwell acquired Montena Components S.A. and all of its assets pursuant to a Stock Purchase and Barter Agreement dated May 30, 2002. Therefore, Maxwell is the current owner of the '924 patent. This Stock Purchase and Barter Agreement was recorded with the U.S. Patent and Trademark Office on October 13, 2006.

9. NessCap has been infringing the '924 patent in violation of 35 U.S.C. § 271 by making, using, and/or selling or offering for sale products embodying the patented invention in the United States.

10. Upon information and belief, NessCap will continue to infringe the '924 patent unless enjoined by a court.

11. Upon information and belief, Defendant's past and continued infringement of the '924 patent is willful and deliberate, rendering this case appropriate for treble damages under 35 U.S.C. § 284 and making this an exceptional case under 35 U.S.C. § 285.

sd-362921

## SECOND COUNTERCLAIM

## INFRINGEMENT OF U.S. PATENT NO. 6,631,074

12. Maxwell hereby incorporates by this reference Paragraphs 1 through 11 inclusive.

13. On October 7, 2003, U.S. Patent No. 6,631,074 ("the '074 patent") entitled "Electrochemical Double Layer Capacitor Having Carbon Powder Electrodes" was duly and legally issued and assigned to Maxwell Technologies, Inc. by the named inventors. A true and correct copy of the '074 patent is attached as Exhibit 2 to NessCap's Complaint for Declaratory Judgment. (D.I. 1.)

14. NessCap has been infringing the '074 patent in violation of 35 U.S.C. § 271 by making, using, and/or selling or offering for sale products embodying the patented invention in the United States.

15. Upon information and belief, NessCap will continue to infringe the '074 patent unless enjoined by a court.

16. Upon information and belief, NessCap's past and continued infringement of the '074 patent is willful and deliberate, rendering this case appropriate for treble damages under 35 U.S.C. § 284 and making this an exceptional case under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, barring a transfer of this case to the United States District Court for the Southern District of California, Maxwell prays for the following relief:

A. A judgment by the Court that NessCap is infringing the '924 and '074 patents;

  B. Preliminary and permanent injunctions pursuant to 35 U.S.C. § 283 that enjoin NessCap and its agents, servants, employees, successors, and assigns, and all persons acting under the authority of, or in privity or concert with NessCap from directly or indirectly infringing, or contributing to the infringement of the '924 and '074 patents;

  C. An award of damages that NessCap be ordered to account for and pay to Maxwell for the infringement of the '924 and '074 patents;

  D. That such damages be trebled for the willful, deliberate, and intentional infringement by NessCap as alleged herein in accordance with 35 U.S.C. § 284;

  E. That Maxwell be awarded interest on the damages so computed;

  F. An award of costs and attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

  G. For such other and further relief the Maxwell may be entitled to as a matter of law or that the Court may deem just and equitable under the circumstances.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

sd-362921

## **DEMAND FOR JURY TRIAL**

  Maxwell hereby demands a trial by jury pursuant to Rule 38 of the Rules of Civil Procedure.

Dated: March 8, 2007      YOUNG CONAWAY STARGATT
               & TAYLOR, LLP

               /s/ *Karen E. Keller*
               Josy W. Ingersoll (No. 1088)
               John W. Shaw (No. 3362)
               Karen E. Keller (No. 4489)
               1000 West Street
               Brandywine Building, 17th Floor
               Wilmington, DE 19801

               P.O. Box 391
               Wilmington, DE  19899-0391
               (302) 571-6600
               kkeller@ycst.com

               MORRISON & FOERSTER LLP
               David C. Doyle (CA Bar No. 70690)
               Eric M. Acker (CA Bar No. 135805)
               Brian M. Kramer (CA Bar No. 212107)
               12531 High Bluff Drive, Suite 100
               San Diego, CA 92130
               (858) 720-5100
               ddoyle@mofo.com

               *Attorneys for Defendant Maxwell Technologies, Inc.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 8, 2007, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Denise Seastone Kraft, Esquire
> EDWARDS ANGELL PALMER & DODGE LLP
> 919 North Market Street
> Suite 1500
> Wilmington, DE 19801
> *dkraft@eapdlaw.com*

I further certify that on March 8, 2007, the foregoing document was served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated below:

> **BY E-MAIL ON MARCH 8, 2007 AND**
> **FEDERAL EXPRESS ON MARCH 9, 2007**
>
> George W. Neuner, Esquire
> Brian M. Gaff, Esquire
> EDWARDS ANGELL PALMER & DODGE LLP
> 101 Federal Street
> Boston, MA 02110

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Karen E. Keller (No. 4489)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
302-571-6600
*kkeller@ycst.com*